**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC d/b/a** | § | |
| **BRAZOS LICENSING AND** | § | |
| **DEVELOPMENT,** | § | **CASE NO. 6:22-CV-00136-ADA** |
| *Plaintiff,* | § | **CASE NO. 6:22-CV-00137-ADA** |
| | § | **CASE NO. 6:22-CV-00138-ADA** |
| v. | § | **CASE NO. 6:22-CV-00139-ADA** |
| | § | |
| **ZTE CORPORATION,** | § | |
| *Defendant.* | § | |

<u>**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**</u>

The Court considers Plaintiff's Motion for Leave to Effect Alternative Service on Defendant ZTE Corporation ("ZTE" or "Defendant") under Fed. R. Civ. P. 4(f)(3). ECF No. 7.[1] After careful consideration of the briefing (Dkt. Nos. 7, 8, 9) and the applicable law, the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "WSOU") sued ZTE Corporation for patent infringement. Dkt. No. 1. Plaintiff asserts in its Complaint that ZTE Corporation is a Chinese corporation that does business in Texas, with a principal place of business in Shenzhen, China. Dkt. No 1 ¶ 3. ZTE (USA) Inc. is a subsidiary of ZTE Corporation, and ZTE (USA) Inc. maintains a registered agent for service at 815 Brazos, Suite 500 in Austin, Texas.  Dkt. No. 7, Ex. B. ZTE Corporation currently is represented by Bradford Schulz and Lionel Lavenue in other pending litigation.  Dkt. No. 7 at 3. Plaintiff seeks an order from the Court permitting alternative service on ZTE Corporation pursuant to Federal Rule of Civil Procedure 4(f)(3).

---

[1] All docket numbers herein refer to case 6:22-cv-00136.  This motion is filed as Dkt. No. 7 in all four cases.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States are to be served "in any manner prescribed by Rule 4(f) for serving an individual, expect personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.* ("*STC.UNM v. TSMC*"), No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

This Court recently conformed its exercise of discretion to the "typical" practices recently described by the Federal Circuit. *Aprese Sys. Texas, LLC v. Audi AG*, No. 6:21-CV-01014-ADA, 2022 WL 891951, at *2 (W.D. Tex. Mar. 25, 2022); *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) ("To be sure, courts have typically invoked Rule 4(f)(3) only when special circumstances have justified departure from the more conventional means of service."). This Court considers "whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means." *OnePlus*, 2021 WL 4130643, at *3. This consideration guides the exercise of discretion but is not an exhaustion requirement. *Id.* This Court does not intend "to order alternative service in every case in which more conventional means of service would be merely inconvenient." *Id.* at *4. Due to the Federal Circuit's concern, this Court will not invoke "alternative means of service

under Rule 4(f)(3) based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity." *Id.* at *3.

### III. ANALYSIS

Plaintiff requests leave to effect alternative service under Rule 4(3)(f) by emailing both Bradford Schulz and Lionel Lavenue of Finnegan Henderson, who currently serve as ZTE's counsel and by personal delivery to the authorized agent of ZTE's U.S. subsidiary, ZTE (USA) Inc. at 815 Brazos, Suite 500, Austin, TX 78701. Defendant argues that the Court should first deny Plaintiff's request because Plaintiff must first attempt service through the Hague Convention. Dkt. No. 8 at 14-16.

### A. Alternative service is justified because Plaintiff made several attempts to serve LGL.

The Court will permit alternative service because Plaintiff attempted service through other means first. Plaintiff "served ZTE through email, FedEx and personal delivery."[2] Dkt. No. 7 at 7. The emailed counsel currently represent ZTE in other cases before this Court.  After considering "whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means," the Court finds that Plaintiff reasonably attempted service on a Chinese entity. *OnePlus*, 2021 WL 4130643, at *3.  The Court will exercise its discretion to grant Plaintiff's motion for alternative service.  The Court did not need to consider whether this provided "quick and helpful notice" as argued by Plaintiff or as rebutted by ZTE. Dkt. No. 7 at 7; Dkt. No. 8 at 16.

Plaintiff's actions are sufficient to distinguish prior cases in this Court where plaintiffs have failed to try to serve defendants through other means first. *See The Trustees of Purdue Univ. v.*

---

[2] This is not a ruling on the sufficiency of service and is only considered as a reasonable *attempt* at service.

*STMicroelectronics N.V. et al.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *1 (W.D. Tex. Nov. 18, 2021) ("The Court will not permit alternative service here where Purdue has not shown that it has at least made some effort to serve ST-INTL"); *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzen) Tech. Ltd.*, No. 6:20-CV-00876-ADA, 2021 WL 4974040, at *1 (W.D. Tex. Oct. 25, 2021) ("The Court will not permit alternative service here where MPS has not shown that it has at least made some effort to serve QBT and STIT through other means first.").

The facts, taken together, show that alternative service is proper in this case. Plaintiff made several attempts to effect service, and Defendant is plainly aware of the action. This is a case where the Court will exercise discretion in granting Plaintiff the ability to effect alternative service.

### B. Plaintiff's proposed methods of alternative service comport with due process.

The Court finds that the proposed method of alternative service comports with due process for the unopposed reasons argued by Plaintiff.  Defendant does not challenge the proposed method of alternative service compliance with due process.  Dkt. No. 8 § IV(A)(3). This ruling is limited to ZTE's argument against alternative service in Dkt. No. 8 § IV(A)(3) and does not apply to ZTE's jurisdiction arguments, venue challenges, or arguments in any other section of Dkt. No. 8.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Effect Alternative Service is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff may serve ZTE Corporation by completing both:[3] (i) emailing ZTE's current U.S. counsel, Bradford Schulz (bradford.schulz@finnegan.com) and Lionel Lavenue (lionel.lavenue@finnegan.com), who represent ZTE in 11 other related patent infringement cases; and (ii) personal delivery to the

---

[3] To be clear, Plaintiff must email both attorneys and complete personal delivery for service to be considered complete.

authorized agent of ZTE's U.S. subsidiary, ZTE (USA) Inc., at 815 Brazos, Suite 500, Austin, TX 78701.

     SIGNED this 8th day of April, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

5